IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK ANTHONY GNACINSKI,           )
                                  )
            Plaintiff,            )
                                  )
      vs.                         )    Civil Action No. 15-23-E
                                  )
CAROLYN W. COLVIN, ACTING         )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
            Defendant.            )


O R D E R


          AND NOW, this 29th day of December, 2015, upon consideration

of the parties' cross-motions for summary judgment, the Court, upon

review of the Commissioner of Social Security's final decision, denying

Plaintiff's claim for supplemental security income benefits under

Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq.,

finds that the Commissioner's findings are supported by substantial

evidence and, accordingly, affirms.  See 42 U.S.C. §405(g); Jesurum

v. Secretary of U.S. Department of Health & Human Services, 48 F.3d

114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182

(3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v.

Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  See also Berry v. Sullivan,

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial

evidence, the Commissioner's decision must be affirmed, as a federal

1

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (<u>citing</u> <u>Cotter v. Harris</u>, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     The Court finds no merit in Plaintiff's arguments regarding the determination by the Administrative Law Judge ("ALJ") of his mental residual functional capacity ("RFC"). As to his claim that consultative examiner Glenn Bailey, Ph.D., "misunderstood" the nature of the opinion he offered as to Plaintiff's ability to respond appropriately to the public, supervision, co-workers, and work pressures in the work setting (R. 395-405), there is no evidence that Dr. Bailey's opinion was anything other than properly rendered or that he was confused by the opinion he was being asked to provide. Indeed, his opinion was accompanied by a full clinical report. There is no ground on which to find that Dr. Bailey's decision not to provide an opinion regarding Plaintiff's ability to work with others and deal with work stresses on the basis of Plaintiff's lack of a meaningful work history represented anything more than Dr. Bailey's opinion that the lack of such a history precluded him from making any meaningful finding in regard to these areas.

Plaintiff's argument that the ALJ erred in adding additional restrictions to those to which Dr. Bailey opined is equally misplaced. Citing <u>Ferguson v. Schweiker</u>, 765 F.2d 31 (3d Cir. 1985), and <u>Doak v. Heckler</u>, 790 F.2d 26 (3d Cir. 1986), he argues that since Dr. Bailey's "flawed" opinion does not address Plaintiff's social functioning, the ALJ could make no findings regarding these areas without reliance on some other opinion directly addressing those issues. According to Plaintiff, since the ALJ did not expressly rely on any such opinion, his findings regarding Plaintiff's social functioning are not supported by substantial evidence. The Court disagrees for several reasons.

First, as Plaintiff acknowledges, and as the Court previously explained in <u>Doty v. Colvin</u>, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014), this Court does not agree with Plaintiff's interpretation of <u>Doak</u>. Rather, the Court has repeatedly held that the decision in <u>Doak</u> does not provide that an ALJ's RFC findings must be based on a particular medical opinion or that an ALJ may only reject a medical opinion as to functional limitations based on another opinion. Instead, the Third Circuit Court of Appeals, in <u>Doak</u>, held simply that nothing in the record in that case, which consisted of nothing more than testimony

and three medical reports, supported the ALJ's finding that the claimant could perform light work. While the Circuit pointed out that none of the three reports contained a suggestion from a physician that the claimant could perform light work, in no way did it suggest that a finding of light work could only be supported if one of the three had expressly opined that the claimant could perform such work, nor did it find that their contrary opinions precluded such a finding *per se*.

Indeed, as this Court explained in Doty, interpreting Doak in the manner suggested by Plaintiff would ignore the fact that "[t]he ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). See also 20 C.F.R. §§ 416.927(d)(2), 416.946(c); S.S.R. 96-5p, 1996 WL 374183 (S.S.A. 1996). Such an interpretation would also ignore the fact that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006). See also Chandler, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in Titterington, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. Consistent with this later case law, Doak does not prohibit the ALJ from making an RFC assessment even if no doctor has specifically made the same findings and even if the only medical opinion in the record is to the contrary. See Hayes v. Astrue, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). The Third Circuit, in Doak, did nothing more than make a substantial evidence finding in light of the record of the case and did not purport to create a rule that an RFC determination must be based on a specific medical opinion, and subsequent Third Circuit case law confirms this understanding. See also Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003); Cummings v. Colvin, 2015 WL 4092321, at **5-6 (W.D. Pa. July 7, 2015); Carter v. Colvin, 2015 WL 1866208, at *10 n.3 (W.D. Pa. Apr. 23, 2015); Goodson v. Colvin, 2014 WL 5308021, at *3 (Oct. 16, 2014).

While this Court has not previously addressed Plaintiff's argument that Ferguson creates the same *per se* rule as he alleges was created in Doak, the analysis is substantially similar. In Ferguson, the Third Circuit, in emphasizing the unremarkable point that an ALJ may not set his own expertise against that of a physician, found that the ALJ in that case improperly discredited the conclusions of the

claimant's treating physician because it found that those conclusions were based on objective medical evidence. While the Circuit mentioned the lack of any medical opinion in the record contrary to the treating physician's conclusions, it did not state that an opinion was expressly required in order for the ALJ to reject the treating physician's opinion. Indeed, the Circuit Court emphasized, instead, the extensive support for the treating physician's opinion and the lack of *any* evidence to the contrary. As with Doak, Plaintiff asks the Court to engage in an unreasonably broad interpretation of the language in Ferguson that would create an unnecessary, and almost certainly unintended, conflict with later Third Circuit case law such as Chandler, Titterington, and Mays. Reading into the language of Ferguson to find a specific rule requiring a direct correlation between an ALJ's RFC findings and a medical opinion is no more warranted than doing so in regard to Doak. These cases simply cannot be read to establish such a rule that would transform the ALJ's analysis into a battle of opinions. See Hoyman v. Colvin, 606 Fed. Appx. 678 (2015) (interpreting Ferguson merely to require that an ALJ's rejection of a doctor's opinion be based on medical *evidence* without specifying that such evidence must be in the form of an opinion). Indeed, as this Court expressed in Doty, placing such emphasis on opinion evidence, which is often contained in checkbox or fill-in-the-blank form, makes little sense given that forms requiring a physician merely to "check a box or fill in a blank," rather than provide a substantive basis for the conclusions stated, are considered "weak evidence at best" in determining whether the claimant is disabled. Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993).

    Far from relying on his own medical judgment, the ALJ, as he was required to do, considered all of the evidence and made an RFC determination. As discussed above, nothing in the statute, regulations, or Doak or Ferguson requires the existence of an outside opinion to make such a determination. See Chandler, 667 F.3d at 362. Moreover, as Plaintiff even acknowledges, there is an opinion in the record, that of the state reviewing agent, Lisa Cannon, Psy.D., that arguably supports the ALJ's findings as to Plaintiff's social functioning. (R. 81-83). Although the ALJ does not cite directly to that opinion as the basis for these findings, he considered it as part of the record as a whole. An ALJ is not required to make reference to every relevant piece of evidence supporting his decision, as long as the Court can discern the basis for the ALJ's decision. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001); Coccarelli-Yacobozzi v. Astrue, 2010 WL 521186, at *10 (W.D. Pa. Feb. 9, 2010). Since nothing in the ALJ's RFC determination was inconsistent with the reviewing

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for

Summary Judgment (document No. 11) is DENIED and Defendant's Motion

for Summary Judgment (document No. 14) is GRANTED.

                              s/Alan N. Bloch
                              United States District Judge

ecf:  Counsel of record

---

agent's opinion (if anything, the RFC was more restrictive than the
reviewing agent's opinion), no discussion was really needed for the
Court to review the ALJ's decision.

       Regardless, even if the Court were to adopt the interpretation
of Doak and Ferguson proposed by Plaintiff, these cases are not actually
implicated here.  Unlike those cases, and the others to which Plaintiff
cites relating to the issue of whether an ALJ may *reject* a medical
opinion without reliance on another medical opinion, here, the ALJ
did not reject any medical opinion, but, instead, included restrictions
*beyond* those to which a medical expert had opined.  Specifically,
although, as discussed above, consultative examiner Bailey made no
findings regarding Plaintiff's ability to respond appropriately to
the public, supervision, co-workers, and work pressures in the work
setting, the ALJ did include restrictions in these areas in formulating
Plaintiff's RFC.  He did not, as Plaintiff claims, rely on his own
medical judgment or set his own opinion in opposition to that of a
treating professional, but, rather, agreed with the professional and
simply made additional findings not addressed by that professional
based on the record as a whole.

       As for Plaintiff's final argument that the hypothetical question
proffered to the vocational expert ("VE") was impermissibly vague,
the record offers no support to such a contention.  Neither the VE nor
Plaintiff's counsel at the hearing expressed any confusion as to the
meaning of the term "incidental," nor does this Court.  Plaintiff does
not suggest why this term is confusing, except to imply that one cannot
actively work with another on an incidental basis.  Not only is there
no inherent contradiction in such a concept, as mentioned, the VE
apparently had no problem interpreting what this meant in regard to
Plaintiff's ability to work.